UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEENA E. ORMOND | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:08-CV-00214 (JCH) |
| | : | |
| v. | : | |
| | : | |
| HOSPITAL OF ST. RAPHAEL, | : | DECEMBER 3, 2009 |
|    Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR LEAVE TO
AMEND THE COMPLAINT (Doc. No. 24)**

**I.   INTRODUCTION**

Plaintiff, Sheena E. Ormond, brings this action against her former employer, the Hospital of Saint Raphael, alleging that she was warned, suspended, harassed, retaliated against, and terminated as a result of her race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000.  See Complaint (Doc. No. 1).  On August 14, 2009, Ormond filed a Motion for Leave to Amend the Complaint ("Motion for Leave") (Doc. No. 24).  However, the Motion was not properly filed and did not appear on the docket as a pending motion.  During a December 2, 2009 telephone conference, the court was made aware of the Motion for Leave.  For the reasons that follow, the court now grants the Motion in part.

**II.   STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 15(a)(2), Ormond may amend her complaint "only with the opposing party's written consent or the court's leave."  In general, "[a] district court has broad discretion to decide whether to grant leave to amend."  In re Tamoxifen Citrate Antitrust Litigation, 466 F.3d 187, 220 (2d Cir. 2006) (citing Gurary v.

Winehouse, 235 F.3d 792, 801 (2d Cir. 2000)). While Fed. R. Civ. P. 15(a) states that "[t]he court should freely give leave when justice so requires," the Second Circuit has held that "where amendment would be futile, denial of leave to amend is proper." In re Tamoxifen, 466 F.3d at 220 (citing Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91-92 (2d Cir. 2003)). Denial of leave to amend may also be proper if it is based on "considerations of undue delay, bad faith, and prejudice to the opposing party." Barrows v. Forest Laboratories, 742 F.2d 54, 58 (2d Cir.1984) (citing Foman v. Davis, 371 U.S. 178, 182 (1962))

Amendment of a complaint is futile where the proposed amended complaint would be unable to withstand a subsequent motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991). Under Rule 12(b)(6), the court accepts as true "all factual allegations in the complaint and constru[es] all reasonable inferences in the non-movant's favor." Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406, 424 (2d Cir. 2008). In determining whether permitting Ormond to amend her complaint would be futile, the court is also guided by Fed. R. Civ. P. 8(a)(2) ("Rule 8(a)(2)"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has recently articulated, Rule 8(a)(2) "requires factual allegations sufficient 'to raise a right to relief above the speculative level.'" Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).

**III.    DISCUSSION**

Ormond's proposed Amended Complaint contains three counts, two of which clarify the claims made in the original Complaint.  Specifically, the proposed Amended Complaint contains counts alleging (1) the existence of a hostile work environment in violation of Title VII, (2) wrongful retaliation, and (3) the intentional infliction of emotional distress.  See Proposed Amended Complaint, Exh. 2 to Motion for Leave (Doc. No. 24).  St. Raphael objects to Ormond's Motion and proposed Amended Complaint, and argues that Ormond attempts to assert new claims.  See Defendant's Objection to Motion for Leave to Amend Complaint (Doc. No. 26).  St. Raphael further argues that the Motion for Leave was not filed in a timely fashion.  Id. While the court agrees that the fact that Attorney Philpot's filed the Motion for Leave over five months after he filed his Notice of Appearance on March 11, 2009 (Doc. No. 16) has created unnecessary delay, the court will nonetheless consider the Motion.

Counts One and Two of the proposed Amended Complaint are adequately supported by "factual allegations sufficient to raise a right to relief above the speculative level."  Boykin, 51 F.3d at 202, 213-24 (citation omitted).  Ormond asserts that additional hours were given to similarly situated Caucasian co-workers instead of her, that she was more heavily scrutinized than similarly situated co-workers, and that she was treated with animosity and harassed.  See Proposed Amended Complaint at ¶¶ 4-13.  She further alleges that her July 6, 2009 termination was retaliation for raising discrimination claims.  Id. at ¶ 14.  Ormond also alleges that these actions have caused her to suffer severe emotional, psychological, financial and physical injuries and damages.  Id. at ¶ 15.  Because these factual allegations sufficiently support Ormond's

claims in Count One and Count Two, and because these claims were pled, albeit not as artfully or in as fulsome a manner, in the original pro se Complaint, the court grants the Motion for Leave to Amend the Complaint with respect to these Counts.

However, Count Three of the proposed Amended Complaint's claim for intentional infliction of emotional distress (IIED) is a new claim and is not adequately supported by factual allegations. See Boykin, 51 F.3d at 213-14. Under Connecticut law, to succeed on an IIED claim, a plaintiff must show that: (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of his conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe. See Carrol v. Allstate Ins. Co., 262 Conn. 433, 443 (Conn. 2003). "The essential element of the claim is whether the alleged conduct is considered 'extreme and outrageous' according to the standards of a civilized community." Lavoie v. United States, Civil No. 3:07-CV-1396, 2009 WL 1212769 at *8 (D. Conn. May 4, 2009). "Whether defendants' conduct was sufficiently 'extreme and outrageous' is initially a question for the court to decide." Id. (quoting Crocco v. Advance Stores Co., 421 F. Supp. 2d 485, 503 (D. Conn. 2006)).

"Federal courts in the District of Connecticut, applying Connecticut law, have interpreted the qualification of extreme and outrageous conduct strictly." Lavoie, 2009 WL 1212769 at *8 (quotation omitted). "[O]nly where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" will the second prong of the case for intentional infliction of emotional

distress be satisfied.  Carrol, 262 Conn. at 443.  "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"  Id.  "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress."  Id.

In this case, Ormond supports her IIED claim only by realleging the facts that support Counts One and Two.  Yet nothing alleged in those facts (or anywhere else in the proposed Amended Complaint) describes conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. . . ."  Carrol, 262 Conn. at 443.  Because amending the Complaint to include the IIED claim "would be futile," the court denies Ormond's Motion with respect to the Third Count.  In re Tamoxifen, 466 F.3d at 220.  Further, this is a new cause of action, not included in the original complaint, the assertion of which is prejudicial to the defendants.

For the reasons stated above, Ormond's Motion for Leave to Amend (Doc. No. 24) is hereby **GRANTED IN PART.**  The plaintiff is instructed to file an Amended Complaint consistent with this Ruling.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 3rd day of December 2009.

                                              /s/ Janet C. Hall
                                              Janet C. Hall
                                              United States District Judge